UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| TESSA B., | ) | |
| | ) | |
| Plaintiff, | ) | No. 20 C 93 |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| ANDREW M. SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Tessa B. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision denying her application for benefits. For the reasons set forth below, the Court reverses the Commissioner's decision.

**Background**

Plaintiff applied for benefits on August 30, 2011, alleging a disability onset date of December 31, 2009. (R. 392.) Her application was denied initially and on reconsideration. (R. 194, 206.) An administrative law judge ("ALJ") issued a decision denying plaintiff's claim on February 21, 2013. (R. 151-62.) The Appeals Council remanded the claim to the ALJ, and on March 10, 2015, after another hearing, the ALJ issued a second decision denying plaintiff's claim. (R. 167-69, 174-84.) On August 3, 2016, the Appeals Council remanded the claim once again, (R. 190-92.) On remand, another ALJ held a third hearing, and on March 7, 2017, he issued a decision denying plaintiff's claim. (R. 36-47.) The Appeals Council declined review (R. 24-26), making the ALJ's decision the final decision of the Commissioner, reviewable by this Court pursuant to 42 U.S.C. § 405(g). *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the claimant's impairment meets or equals any listed impairment; (4) whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) whether she is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant can perform work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff did not engage in substantial gainful activity from her alleged disability onset date to December 31, 2014, her date last insured ("DLI"). (R. 39.) At step two, the ALJ found that, through her DLI, plaintiff had the severe impairments of "lymphedema,[1] bilateral lower extremities, and obesity." (*Id.*) At step three, the ALJ found that, through her DLI, plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. (R. 41.) At step four, the ALJ found that, through her DLI, plaintiff had the RFC to perform her past relevant work as a service clerk, and thus she was not disabled. (R. 43, 46-47.)

Plaintiff contends that the ALJ erred in rejecting the opinion of consultative examiner, Dr. Osafo. Dr. Osafo's report, as interpreted by the ALJ,[2] states that plaintiff can sit, stand, or walk for twenty minutes at a time and a total of two hours of an eight-hour workday. (R. 685.) However, the ALJ said, the limitations contained in Dr. Osafo's report were not supported by his own examination, which found that plaintiff had "normal strength . . . with no indication of muscle atrophy," "normal reflex responses and normal sensation responses in her bilateral lower extremities." (R. 45; *see* R. 42 (citing Dr. Osafo's report and stating that "[plaintiff] exhibited full range of motion of her bilateral hip, knee, ankle, and foot," "5/5 muscle strength," "a normal gait and stance, and . . . was able to walk 50 feet without assistance.").) But the ALJ does not explain how plaintiff's having normal strength, reflexes, and sensation in her lower extremities necessarily

---

[1] Lymphedema "refers to swelling that generally occurs in one of [the] arms or legs." https://www.mayoclinic.org/diseases-conditions/lymphedema/symptoms-causes/syc-20374682 (last visited Oct. 19, 2020).

[2] The ALJ noted that Dr, Osafo's report stated variously that plaintiff can "sit, stand, [and] walk . . . without limitations," and that she can only sit, stand or walk for twenty minutes at a time and a total of two hours of an eight-hour workday. (R. 45 (citing R. 679, 685).) Plaintiff argues that this inconsistency required the ALJ to contact Dr. Osafo for clarification. *See* 20 C.F.R. § 404.1519p(b) (if a consultative examiner's report is "inadequate or incomplete, [the ALJ] will contact the . . . consultative examin[er], give an explanation of [the ALJ's] evidentiary needs, and ask that the [examiner] furnish the missing information or prepare a revised report.").) The Court disagrees. The ALJ did not need to seek clarification because he viewed the report in plaintiff's favor, *i.e.*, assumed she was limited in her ability to sit, stand, and walk, and evaluated it on that basis.

means that she has the ability to stand, walk, or sit for more than twenty minutes at a time or six hours in a day. In other words, the ALJ failed to build a logical bridge between the evidence he cited and his conclusion that Dr. Osafo's report was entitled to no weight at all, an error that requires remand. *See Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000) (stating that an ALJ "must build an accurate and logical bridge from the evidence to his conclusion").

## Conclusion

For the reasons set forth above, the Court reverses the Commissioner's decision, grants plaintiff's motion for summary judgment [17], denies the Commissioner's motion for summary judgment [24], and remands this case to the Commissioner, pursuant to the fourth sentence of 42 U.S.C. § 405(g), for further proceedings in accordance with this Memorandum Opinion and Order.

**SO ORDERED.**                          **ENTERED:** November 4, 2020

**M. David Weisman**
**United States Magistrate Judge**